Johnson, J.
The case of Newman v. Crocker, 1 Bay, 247, is decisive of this. That was an action of debt on a bond, which had been assigned to a third person, for whose benefit the action appears to have been brought, and the defendant would have set up, by way of discount, certain transactions between himself and the obligee of the bond, (the nominal plaintiff) by which the latter became indebted to him after the assignment of the bond ; but it was disallowed, on the ground that by the assignment the bond became the property yf the assignee, whose rights could not be affected by any subsequent transactions to which he was not a party. The act of 1798,2 Faust, 215, has made no alteration in the common law in this respect. That was intended only to enable the assignees of bonds, notes and bills, not negotiable, to bring^ictions in their own names; and the reservation of the rights of the defendants to take advantage of any discount or defence which they would have been entitled to if the suits were brought in the names of the obligees of the bonds, or the payee of the notes or bills, was. the common law right, without any diminution or enlargement.
The note offered in discount bears date after the assignment of the note on which this action was brought, and was confessedly made after that time, and, according to the rule, ought not to have been admitted. The right is claimed on the ground *484 that ^10 consideration was a debt existing before the assignment (^le note °f Wetsel, transferred by Kerr to the plaintiff); but the rule is very familiar, that the making of a new note as a substitute tor an old one, is an extinguishment of the latter, and especially when, as in this case, it changes the nature of the contract; the discount, therefore, consisted of a debt which accrued to defendant subsequently to the assignment to the plaintiff, and was inadmissible.
T. & G. Williams, for the motion.
Witherspoon, contra.
Motion granted.
O’Neall and Harper, Js. concurred.